**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Sterling Clair FINK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 30, 2001.

Filed Feb. 8, 2002.

William C. Costopoulos, Lemoyne, for appellant.

Christopher A. Ferro, Asst. Dist. Atty., York, for Commonwealth, appellee.

Before STEVENS, LALLY–GREEN, and BROSKY, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Sterling Clair Fink, appeals the judgment of sentence entered following his jury convictions of involuntary deviate sexual intercourse (IDSI), indecent assault, and corruption of minors. We affirm in part and remand in part.

¶ 2 The record reveals that the convictions stemmed from two allegations of sexual abuse between Appellant and the 11–year–old daughter of his former girlfriend at his home/business in late December 1999.

¶ 3 Appellant was found guilty of IDSI, indecent assault, and corruption of minors. The trial court sentenced Appellant to a term of imprisonment of 6½ to 13 years on the IDSI conviction. The trial court found that the indecent assault conviction merged with IDSI for sentencing purposes. Appellant was also sentenced to a term of imprisonment of 1 to 2 years for the corruption of minors conviction, to run concurrently with his other sentence. Appellant then filed a timely appeal.

¶ 4 Appellant raises the following issues for our review:

A. Whether the court abused its discretion in refusing to permit Appellant to introduce specific evidence of prior sexual conduct involving the prosecutrix at the relevant times, including the fact she was receiving psychiatric treatment for an unrelated sexual assault, that her babysitter's boyfriend may have assaulted her and that Appellant observed her with a boy zippering his pants, all of which evidence was admissible to rebut the mother's testimony about a change in behavior in her daughter, to provide an alternative explanation for her unusual sexual knowledge and her partially open hymen, and to show her bias against him?

B. Whether the court abused its discretion in concluding that the alleged victim was unavailable when she testified that she could not remember one of the incidents with which Appellant was charged and in permitting the introduction of her preliminary hearing testimony at trial and by not permitting counsel to argue to the jury the circumstances surrounding the introduction of the prosecutrix's preliminary hearing testimony?

C. Whether counsel was ineffective for failing to object to the hearsay testimony of the physician who examined the prosecutrix and whose detailed recitation of the history of the alleged incidents provided by her was tantamount to identifying appellant as the perpetrator and otherwise failed to meet the medical treatment exception to the hearsay rule?

D. Whether counsel was ineffective for failing to object to the physician's testimony in which she stated that, in her expert opinion, the examination of the prosecutrix was consistent with the history of allegations provided by the prosecutrix, which testimony improperly bolstered the alleged victim's credibility and invaded the province of the jury?

E. Whether the court abused its discretion in refusing to allow Appellant to introduce evidence contradicting the prosecutrix's claim that she first told a friend at school about the incidents in question, which was admissible under several exceptions to the hearsay rule, and defense counsel was ineffective for failing to call said friend as a witness in order to impeach the prosecutrix?

F. Whether the court abused its discretion in refusing to allow Appellant to introduce evidence that the prosecutrix gave a prior statement to a counselor with children and youth services which significantly conflicted with her trial testimony?

Appellant's Brief at 5.

■ ¶ 5 Appellant first asserts that the trial court erroneously barred Appellant from admitting into evidence three instances of the victim's alleged prior sexual abuse and/or conduct. We will reverse a trial court's ruling on the admissibility of evidence of the sexual history of a sexual abuse complainant only where there has been a clear abuse of discretion. *Commonwealth v. Allburn*, 721 A.2d 363, 366 (Pa.Super.1998). An abuse of discretion is not merely an error of judgment. *Id.* An abuse of discretion occurs where the record shows that the trial court, in reaching a conclusion, overrides or misapplies the law, or exercises its judgment in a manifestly unreasonable manner or as the result of partiality, prejudice, bias, or ill will. *Id.*

¶ 6 Each of Appellant's proffers relates to alleged prior sexual conduct and, thus, triggers an inquiry into the applicability of the Rape Shield Law, 18 Pa.C.S.A. § 3104. The Rape Shield Law prohibits the introduction of evidence relating to the victim's sexual history, including conduct and reputation, and states:

> **General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in the prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). Thus, the Rape Shield Law bars prior instances of sexual conduct except those with the defendant where consent of the victim is at issue and the evidence is otherwise admissible.

¶ 7 Our Supreme Court addressed the type of evidence that is admissible under the Rape Shield Law in *Commonwealth v. Johnson*, 536 Pa. 153, 638 A.2d 940 (1994), *Commonwealth v. Spiewak*, 533 Pa. 1, 617 A.2d 696 (1992) and *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). The

*Johnson* Court held that the statutory word "conduct" does not include prior sexual assaults and that evidence of prior sexual assaults is admissible as long as such evidence is relevant and material under the traditional rules of evidence. *Johnson*, 638 A.2d at 942.[1] The *Spiewak* Court held that evidence that is highly probative of a victim's credibility is admissible in order to allow the jury to make a fair determination of guilt or innocence. *Spiewak*, 617 A.2d at 702.[2] The *Durst* Court held that evidence that someone else in addition to the defendant may have had sexual contact with the victim does not exonerate the defendant. *Durst*, 559 A.2d at 506.[3]

1. In *Johnson*, the defendant sought to introduce the testimony of Appellant's niece about an earlier assault on the victim by a then 8–year–old boy whom, at age 12, witnessed (and interrupted) Appellant's assault on the victim. The Court first noted that the purpose of the Rape Shield Law is to prevent a sexual assault trial from "denigrating into an attack" on the victim's reputation for chastity. *Id.* at 942. Then, the Court held that the Rape Shield Law does not prohibit evidence of past sexual assault because it does not reflect on the victim's reputation for chastity. Nevertheless, the Court concluded, the evidence was inadmissible because "[t]he proffered testimony does not bear upon a matter in issue in this case." *Id.* at 943.

2. In *Spiewak*, the defendant sought to attack the credibility of the minor victim by cross-examining her about prior sworn testimony that an older man who was a friend of the defendant's had seduced her. This prior testimony describing the encounter was substantially similar to the encounter the victim testified occurred between her and the defendant. The Court reversed the trial court's ruling that the Rape Shield Law precluded such a line of questioning. The Court reasoned that the Rape Shield Law does not prohibit the admission of relevant evidence which may exculpate a defendant of the crime with which he is charged. Further, the Rape Shield Law must yield to a defendant's constitutional right to challenge the credibility of a witness and present evidence necessary to permit or allow a jury to make a fair determi-

¶ 8 Our Court has likewise addressed the Rape Shield Law in *Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985), *Commonwealth v. Allburn, supra,* and *Commonwealth v. Appenzeller,* 565 A.2d 170, 388 Pa.Super. 172 (1989).

¶ 9 In *Black*, our Court held that the Rape Shield Law permitted admission of evidence of the victim's prior sexual activity on the issue of her bias against the defendant, provided that a three-part test was met at an *in camera* hearing similar to that outlined in 18 Pa.C.S.A. § 3104(b).[4] Specifically, the trial court is to determine: (1) whether the proposed evidence is relevant to show bias or motive or to attack credibility; (2) whether the probative val-

nation of the defendant's guilt or innocence. *Id.* at 699–702.

3. The *Durst* Court explained:

Inasmuch as Appellee's offer of proof tends only to show that others *in addition* to Appellee had sexual contact with the victim rather than showing how this testimony would exonerate him, Appellee has not satisfied his burden of showing that the absent testimony would have been helpful in establishing his innocence.

559 A.2d at 506.

4. In *Black*, the defendant sought to offer evidence that the victim, defendant's daughter, was having a sexual relationship with her brother whom the defendant had ejected from the house. The defendant argued that this prior instance of sexual conduct was relevant to his defense that the victim had fabricated her allegation of abuse in order to remove her father from the home so that her brother could return and resume the affair with her. Our Court held that a defendant has a right to confrontation under the Sixth Amendment of the United States Constitution; therefore, the Rape Shield Law can not be used to exclude relevant evidence that shows the bias of a witness or attacks the credibility of the witness. Thus, relevant evidence of such past sexual conduct would be admissible as long as it would not "so inflame the minds of the jurors that its probative value is outweighed by unfair prejudice." *Black*, 487 A.2d at 401.

ue of the evidence outweighs its prejudicial effect; and (3) whether there are alternative means of proving bias or motive or to challenge credibility. *Black,* 487 A.2d at 401.

¶ 10 The *Allburn* Court held that evidence of a victim's prior sexual activity is not admissible under the Rape Shield Law where the offer of proof showed only prior sexual conduct by the victim with others in addition to the defendant, but did not show how the evidence would exonerate the defendant. *Allburn,* 721 A.2d at 368.[5] The *Appenzeller* Court held that evidence of a prior sexual assault by another man is not admissible to show knowledge by the child victim of sexual techniques or nomenclature. *Appenzeller,* 565 A.2d at 171.[6]

¶ 11 Finally, our Court has made clear that proffers under the Rape Shield Law must not be vague or conjectural. *Commonwealth v. Fernsler,* 715 A.2d 435 (Pa.Super.1998).[7] *See also, Commonwealth v. Guy,* 454 Pa.Super. 582, 686 A.2d

397 (1996); *Commonwealth v. Wall,* 413 Pa.Super. 599, 606 A.2d 449 (1992).

 ¶ 12 To summarize:

- The Rape Shield Law bars prior instances of sexual conduct, except those with the defendant *where consent of the victim is at issue and the evidence is otherwise admissible.* 18 Pa.C.S.A. § 3104(a).
- If the prior sexual conduct was a prior sexual assault, then the Rape Shield Law does not apply and the evidence is evaluated under the general evidentiary rules. *Johnson.*
- If the prior sexual conduct does not involve the defendant or involves the defendant but consent is not an issue, then it must be relevant to show bias against the defendant or to attack the credibility of the victim. *Black.* A three-part test for admissibility applies in such a case. *Id.*
- If the offer of proof shows only that others in addition to the defendant had

5. In *Allburn,* the defendant sought to introduce evidence that the victim had engaged in sexual activity with a juvenile male. Defendant argued that the evidence explained how the victim had acquired sexual knowledge and countered the inference that the victim had learned the sexual knowledge from the defendant's abuse. This Court held that since the victim, a teenager at the time of trial, could have learned about sex from many sources other than the alleged prior sexual contact with the juvenile male, the evidence was not relevant to show that the victim did not learn her sexual knowledge from the defendant's abuse. *Allburn,* 721 A.2d at 368.

6. In *Appenzeller,* the defendant sought to introduce evidence that the child-victim had previously been sexually assaulted in order to demonstrate that the victim did not gain her unusual sexual knowledge from him. Our Court determined that the evidence was not relevant because the victim was a poorly supervised child who could have learned sexual nomenclature from interaction with other children, some older than the victim, or from experiences on the street. This Court ob-

served that the child's credibility was never under attack as to the identification of the persons who assaulted her and there was no foundation laid that her knowledge of sexual techniques and nomenclature was derived from the contact with appellant and his co-conspirator. *Appenzeller,* 565 A.2d at 171.

7. In *Fernsler,* the defendant offered evidence that the child-victim, his son, had a motive to fabricate the charges against him. The victim's alleged motive was to prevent the defendant-father from filing future sexual assault charges against the victim relating to the victim's conduct towards his half-sister. Additionally, the defendant proffered that the victim, who was in a program for juvenile sex offenders for conduct towards his half-sister, fabricated the allegations of defendant-father's abuse in order to receive lenient treatment. The Court concluded that the defendant-father's proffers were sufficiently specific to warrant examination under the *Black* three-part test. *Fernsler,* 715 A.2d at 440.

sexual contact with the victim, but does not show how the evidence would exonerate the defendant, evidence of prior sexual activity is inadmissible under the Rape Shield Law. *Durst; Allburn.*

- Evidence of a prior sexual assault by another man is not admissible to show knowledge by the child victim of sexual techniques or nomenclature unless the evidence exonerates the defendant. *Durst; Appenzeller.*

- Proffers under the Rape Shield Law can not be vague, conjectural, or speculative. *Fernsler.*

¶ 13 We now examine whether the trial court erred or abused its discretion in disallowing Appellant's proffers following the *in camera* hearing. The first proffer involved an incident that allegedly occurred at a Christmas party in 1999. Appellant allegedly heard the victim in the attic of the house, called up the attic steps to investigate, and was met by an adolescent boy who was putting on his shirt and zipping up his pants. Trial Court Opinion, 4/24/01, at 6. The boy told Appellant that he was doing "nothing" and the boy closed the door to the attic steps. *Id.*

¶ 14 The second proffer involves a general allegation that, at about the time of the alleged abuse, the victim's mother changed the victim's babysitter out of fear that the babysitter's boyfriend had molested the victim. *Id.* at 7.

¶ 15 The third proffer raised in this appeal deals with the victim's consulting with a counselor about a prior incident of sexual assault.[8] *Id.* Appellant proffered the incidents: (1) to rebut the mother's testimony that her daughter's behavior changed after

the sexual encounter; (2) and to provide an alternative explanation for the victim's unusual knowledge about sex.[9] Trial Court Opinion, 4/24/01, at 8.

¶ 16 The trial court stated the following: The Trial Court found the evidence regarding a baby-sitter change and alleged sexual contact to be inadmissible to explain the victim's change in behavior and further found the evidence to be inadmissible to explain the victim's sexual knowledge. [*citing Commonwealth of Pennsylvania v. Appenzeller*] . . .
The trial court determined that the offer made by counsel at sidebar was incomplete and gave counsel the opportunity to develop testimony regarding the babysitter change. Such testimony was never presented by the Defendant. Nothing of record was established to demonstrate that any sexual conduct occurred between the victim and the babysitter's son, nor between the victim and the young man who the Defendant observed zipping up his pants and putting on his shirt. The Trial Court determined that this alleged conduct was inadmissible for the purposes asserted by the defendant.

Trial Court Opinion, 4/24/01, at 8–9.

¶ 17 Our review of the record reveals no trial court error or abuse of discretion. The proffer concerning the boy in the attic constitutes a vague suggestion that sexual activity was taking place between the victim and the unidentified male. This is the type of conjectural evidence prohibited under *Fernsler.* Also, Appellant's proffer did not demonstrate that the alleged prior instance of sexual conduct

---

8. In his motion to admit these proffers, Appellant did not allege that the counseling was related to a prior sexual assault. Also, the trial court did not specifically address this third proffer.

9. In his Statement of Matters Complained of on Appeal, Appellant alleges that the proffer was also admissible because it explained the victim's partially open hymen. However, the trial court did not address this issue in its opinion.

was exonerating evidence. *Durst; Appenzeller.*

■ ¶ 18 Appellant's second proffer concerning the boyfriend of the babysitter is likewise inadmissible. The record supports the trial court's finding that nothing of record exists to establish sexual conduct between the two. Trial Court Opinion, 4/24/01, at 9. Thus, the record supports the conclusion that such evidence was inadmissible to explain the victim's change of behavior or her sexual knowledge. *Id.* at 8. Also, Appellant's proffer did not demonstrate that the alleged prior instance of sexual conduct was exonerating evidence. *Durst; Appenzeller.*

■ ¶ 19 Appellant's assertion that the proffered evidence of the victim's prior sexual conduct or abuse explains the bias of the victim, or her mother, towards Appellant fails.[10] While Appellant argues that the victim's mother was jealous of Appellant's romantic relationship with another woman, Appellant fails to demonstrate how such alleged jealousy translated into the victim's bias against Appellant. As this evidence does not show bias, the trial court did not err or abuse its discretion.

■ ¶ 20 Appellant's assertion that the proffered evidence was necessary to explain the victim's partially open hymen likewise fails. The expert witness, Dr. Robinson, conducted a physical examination of the victim. Dr. Robinson testified that the condition of the victim's hymen had changed from her 1995 examination to the 2000 examination. N.T., 10/24–27/00, at 153–155. On cross-examination, Appellant's counsel asked Dr. Robinson whether her findings would support a conclusion that nothing had happened to the victim. *Id.* at 146. The witness answered that her

findings could support a situation in which the victim had not experienced the charged sexual abuse. *Id.* The trial court also asked Dr. Robinson whether the condition of the victim's hymen may not have been caused by sexual abuse. *Id.* at 166. Dr. Robinson answered that she could not say what specifically had caused the change. *Id.* at 166. Therefore, the jury twice heard that the physical examination of the victim revealed that the change in her hymen may not have been caused by sexual abuse. Since the proffered evidence does not make it more or less probable that an instance of prior sexual abuse or conduct explains the condition of the victim's hymen, the trial court did not abuse its discretion in concluding that the evidence proffered for this reason was irrelevant.

■ ¶ 21 Appellant's third proffer related to the victim's treatment by a counselor for a prior sexual assault. Appellant's argument concerning this proffer has been waived for appeal. The record reflects that when Appellant's counsel cross-examined the victim's mother, he asked her whether and why the victim's psychiatrist was the first person the mother contacted after the victim reported the sexual abuse to her. N.T., 10/24–27/00, at 234. The Commonwealth objected and the trial court sustained the objection. *Id.* Appellant's counsel did not raise the Rape Shield question.

¶ 22 Appellant argues for the first time on appeal that the fact that the victim was receiving psychiatric treatment for an unrelated sexual assault was admissible under the Rape Shield Law because it dealt with an "assault" and not "conduct." *See, Johnson, supra.* Appellant's claim is not properly preserved because the Rape

---

10. The trial court did not address the bias issue. Appellant did, however, raise the bias matter in his motion to admit the proffers and in his Statement of Matters Complained of on Appeal.

Shield question was not raised at the trial court level. Pa.R.A.P. 302(a); *Commonwealth v. Dougherty*, 451 Pa.Super. 248, 679 A.2d 779, 784 (1996); *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 441 A.2d 1308, 1312 n. 6 (1982). Appellant's first claim fails.

■■■ ¶ 23 Appellant's second claim is that the trial court abused its discretion by allowing the Commonwealth to use the victim's preliminary hearing testimony at trial.[11] The record reflects that, at trial, the Commonwealth questioned the victim about a specific instance of alleged abuse by Appellant. The victim testified that she could not recall the event. N.T., 10/24–27/00, at 197–198. Since the victim had a lack of memory, the trial court found the victim unavailable for purposes of introducing her prior testimony and, then, permitted the introduction of the victim's preliminary hearing testimony. Trial Court Opinion, 4/24/01, at 12.

■■■ ¶ 24 Pennsylvania Rule of Evidence 804(b)(1) provides that if the declarant is unavailable, her out-of-court statement may be introduced in the form of prior testimony. Pa.R.E. 804(b)(1). A declarant is unavailable if she testifies to a lack of memory of the subject matter of the declarant's statement. Pa.R.E. 804(a)(3). If prior testimony is used at a proceeding, the opposing party, or a party in interest, must have had a full and fair opportunity to cross-examine the witness at the prior proceeding. *Commonwealth v. Bazemore*, 531 Pa. 582, 614 A.2d 684, 685 (1992); *Commonwealth v. Johnson*, 758 A.2d 166, 169 (Pa.Super.2000); *Commonwealth v. Smith*, 436 Pa.Super. 277, 647 A.2d 907, 911 (1994). In order to have a full and fair opportunity for cross-examination, counsel must be apprised of all impeachment evidence at the time of the prior testimony. *Johnson*, 758 A.2d at 169.

■■■ ¶ 25 Here, the Commonwealth sought to introduce at trial the victim's testimony at Appellant's preliminary hearing. Appellant's counsel argued that at the time of the preliminary hearing, he did not know of the victim's prior inconsistent statements to the police, Children and Youth Services, and the District Attorney's Office. Appellant claims that his lack of knowledge means that he was denied a full and fair opportunity to cross-examine the victim.

¶ 26 The trial court ruled that Appellant's counsel would have: "a clear opportunity here to present the appropriate cross-examination of the witness as it occurred at the preliminary hearing"; "an opportunity to explore the issues" counsel raised as to a denial of the opportunity to cross-examine the witness at the preliminary hearing; and, the ability to recall the victim to the stand in order to cross-examine her properly. N.T., 10/24–27/00, at 334. After Detective Myers read portions of the victim's prior testimony into evidence, Appellant's counsel attempted to cross-examine Detective Myers about the victim's prior inconsistent statements. *Id.* at 368. Counsel did not recall the victim.

11. Appellant also argues in his Statement of Questions Presented that the trial court erred in concluding that the victim was unavailable for purposes of using prior testimony and that the trial court abused its discretion by not allowing Appellant to argue the circumstances of using the victim's prior testimony to the jury. However, in the argument section of his brief, Appellant does not develop, and does not mention, these claims. Pennsylvania Rules of Appellate Procedure require that an issue be supported with legal argument. Pa.R.A.P. 2119(a). Where counsel fails to support an issue with legal authority or to develop a legal argument for an issue, that issue is deemed waived. *Commonwealth v. Postell*, 693 A.2d 612 617 n. 7 (Pa.Super.1997). Appellant has failed to follow the appellate rules, and therefore, these issues have been waived.

¶ 27 Here, the trial court gave Appellant's counsel an opportunity to cure any defects in the cross-examination of the prior testimony by allowing him to recall the victim and cross-examine her regarding her alleged prior inconsistent statement. Since Appellant did not take advantage of that opportunity, Appellant cannot now complain that the cross-examination was lacking. Since the trial court complied with the applicable rule of evidence and the law, the trial court did not abuse its discretion by allowing the use of the victim's preliminary hearing testimony. Appellant's second claim fails.

¶ 28 Appellant's third claim is that his trial counsel was ineffective for failing to object to hearsay testimony of Dr. Robinson, which repeated the victim's account of the abuse she sustained. In order to succeed on an ineffectiveness of counsel claim, "appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his client's interests, and Appellant has suffered prejudice as a result." *Commonwealth v. Griffin,* 537 Pa. 447, 644 A.2d 1167, 1172 (1994) (citations omitted). Counsel is presumed effective and appellant has the burden of proving otherwise. *Id.* "When it is clear that appellant has failed to meet the prejudice prong [of his ineffective assistance of counsel claim], the claim may be disposed on that basis alone, without a determination of whether the first two prongs have been met." *Commonwealth v. Wilson,* 543 Pa. 429, 672 A.2d 293, 298 (1996).

¶ 29 Appellant argues that trial counsel should have objected to the testimony of the doctor, and that counsel's failure to do so caused him prejudice. We first address whether Appellant's underlying claim is of

arguable merit. The Pennsylvania Rules of Evidence generally prohibit the admission of hearsay statements,[12] except those hearsay statements that are permitted under Rule 803, among others. Pa.R.E. 802 and 803. Rule 803(4) excludes from the hearsay rule statements made for the purposes of medical diagnosis and treatment. Pa.R.E. 803(4) (the "medical treatment exception").

¶ 30 The medical treatment exception provides that testimony repeating out-of-court statements made for the purposes of receiving medical treatment are admissible as substantive evidence. *Commonwealth v. Smith,* 545 Pa. 487, 681 A.2d 1288, 1291 (1996). The *Smith* Court explained that a statement comes within this exception when two requirements are met: (1) the declarant must make the statement for the purpose of receiving medical treatment, *e.g.,* statements relating to the cause of the injury, including testimony repeating statements made to nurses for the purposes of medical treatment and diagnosis; and (2) the statement must be necessary and proper for diagnosis and treatment, *e.g.,* statements to medical personnel as to how the person sustained the injuries, but not the identity of the perpetrator. *Id.See also, Commonwealth v. Vining,* 744 A.2d 310, 319 (Pa.Super.1999) (*en banc* ). On the other hand, statements to physicians retained solely for the purpose of trial are inadmissible under the exception. *See,* Pa.R.E. 803(4) (Official Comment 1998). *See also, Commonwealth v. Smith,* 545 Pa. 487, 681 A.2d 1288 (1996) (to be admissible under the medical treatment exception, the statement must be made for the purposes of diagnosis and treatment).

---

**12.** Hearsay statements are out-of-court statements offered to prove the truth of the matter asserted. Pa.R.E. 801.

¶ 31 The record reflects that, while on direct examination, Dr. Robinson testified about the victim's statements to the doctor as to the incidents of abuse. Dr. Robinson did not identify Appellant or give any indication that Appellant was the individual about whom the victim was speaking. Dr. Robinson testified about what the victim told her as to, for example, where the acts took place and that the abuser pulled down her pants. *See,* N.T., 10/24–27/00, at 141.

¶ 32 Appellant alleges that Dr. Robinson was not treating the victim as required under Rule 803(4) because the only reason Dr. Robinson examined the victim was to confirm the report of sexual abuse following a referral by the police and Children and Youth Services. Our review of the record reflects that the Commonwealth asked Dr. Robinson what the purpose of her examination was. Before Dr. Robinson could answer, Appellant's counsel interrupted to inquire about the doctor's use of notes during her testimony. *Id.* at 138. The question about the purpose of the examination was never repeated and the answer was never given.

¶ 33 The record reflects that Appellant's counsel never established that when Dr. Robinson examined the victim, she was not treating the victim but merely confirming the allegation of abuse. Also, the record reflects an absence of sufficient facts to make a determination whether the details about the pulling down of panties and other such descriptions of the abuse were necessary and proper for diagnosis and treatment.[13] Thus, we remand for a hearing on counsel's ineffectiveness as to this issue.

¶ 34 Appellant's fourth claim is that trial counsel was ineffective for failing to object when Dr. Robinson testified that

her examination of the victim was consistent with the history of the sexual abuse given by the victim. A physician is permitted to testify that his or her findings following examination are consistent with a victim's allegations of abuse. *Commonwealth v. Hernandez,* 420 Pa.Super. 1, 615 A.2d 1337, 1343 (1992). *See also, Commonwealth v. Minerd,* 562 Pa. 46, 753 A.2d 225, 227 (2000) (the Commonwealth may, as part of its case-in-chief in a sexual assault prosecution, offer the testimony of an expert that the absence of physical trauma is nevertheless consistent with alleged sexual abuse).

¶ 35 The record reflects that trial counsel asked the following of Dr. Robinson on cross-examination:

Q [By Atty. Eckard]: Doctor, if [the victim] had told you that nothing happened to her, is your examination just as consistent with nothing having happened?

A [By Dr. Robinson]: It would be a hymen that I would be concerned she may not be telling me something happened, but, yes, it is possible that it could look like that and nothing could have happened.

N.T., 10/24–27/00, at 146. Assuming that counsel should have objected, no prejudice has been demonstrated since the jury heard during cross-examination that Dr. Robinson's findings would have been the same had no abuse been perpetrated upon the victim. This claim fails.

¶ 36 Appellant's fifth claim is that the trial court abused its discretion in refusing to admit evidence contradictory to the victim's statement that the first person she told of the abuse was a friend from school. In the alternative, Appellant claims that

---

**13.** We do not have the benefit of the trial court's view of this question as the learned

trial court did not address this issue.

trial counsel was ineffective for failing to call the victim's friend to testify that she did not remember the victim telling her about Appellant's abuse.

¶ 37 We turn to the allegation of trial court error first. The evidentiary rulings of a trial court will be reversed only for a clear abuse of discretion. *Allburn*, 721 A.2d at 366.

¶ 38 At trial, Appellant questioned the victim about to whom she reported the sexual abuse. N.T., 10/24–27/00, at 208. The victim answered that she first told a friend from school. *Id.* Appellant later asked the court to permit him to cross-examine Detective Myers concerning his interview with the victim's friend, but the trial court did not permit this. *Id.* at 357–359. Appellant alleges that, in this interview, the friend stated she did not remember the victim telling her about the sexual abuse. *Id.* at 358. Appellant wished to elicit from Detective Myers that statement by the friend. The trial court ruled the statement inadmissible hearsay. *Id.* at 359.

¶ 39 On appeal, Appellant asserts that the contested statement is admissible under two theories he did not raise to the trial court, the tender years exception and the prompt complaint doctrine. Since Appellant raises these issues for the first time in this appeal, these issues are waived. Pa.R.A.P. 302(a); *Dougherty, supra; Hawkins, supra.*

¶ 40 Even if these claims were not waived, they both lack merit. The tender years exception is codified at 42 Pa.C.S.A. § 5985.1 and provides in relevant part:

**5985.1. Admissibility of certain statements**

(a) **General Rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses enumerated in 18 Pa.C.S. Ch. 31 (relating to sexual offenses) performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

(i) testifies at the proceeding; or

(ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a). The tender years exception allows for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse. *Commonwealth v. Bishop*, 742 A.2d 178, 184 (Pa.Super.1999). Any statement admitted under § 5985.1 must possess sufficient indicia of reliability, as determined from the time, content and circumstances of its making. *Commonwealth v. Bean*, 450 Pa.Super. 574, 677 A.2d 842, 844 (1996).

¶ 41 Here, the record fails to reflect that the victim's friend made a statement within the framework of the law. First, Appellant alleges that the friend does not remember whether the victim told her about the abuse. Second, the statute allows statements made by the child upon or with whom the sexual abuse is performed. Here, the friend of the victim was not subject to any sexual abuse by Appellant. Thus, statements made by the friend of the victim are not admissible under this theory.

¶ 42 Appellant also argues that the friend's statement should be admissible under the "prompt complaint" doctrine. The "prompt complaint" doctrine is as follows:

Evidence of the alleged victim's "hue and cry" following rape has long been admissible at common law. Hue and cry is thought to follow rape like smoke follows fire. Proof of the former is circumstantial evidence of the latter. Conversely, unexplained lack of evidence of hue and cry that one might expect to ensue from rape casts doubt on the existence of rape itself.

*Commonwealth v. Rodriguez,* 343 Pa.Super. 486, 495 A.2d 569, 572 (1985). Appellant presents no authority that admission of the friend's lack of recollection as to whether the victim told her about the sexual abuse, through Detective Myers, is proper. We also observe that the trial court made clear that either party could call the friend and have her testify in court as to her failure to remember that the victim had reported sexual abuse to her. Appellant did not call the friend of the victim to have her testify as to this. Here, the statement was inadmissible hearsay and the trial court did not abuse its discretion by refusing to allow Appellant to cross-examine Detective Myers concerning the contested statement.[14] This claim fails.

¶ 43 Appellant also alleges that trial counsel's failure to call the victim's friend to testify constituted ineffective assistance of counsel.

■ ¶ 44 As stated above, to prevail on a claim of ineffectiveness of counsel, "appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his client's interests, and Appellant has suffered prejudice as a result."

*Griffin, supra.* Further, to establish ineffectiveness for failing to call witnesses, a defendant must illustrate that the witnesses were available, that counsel knew or should have known of their existence, that the witnesses were prepared to testify for the defense, and the testimony was necessary to avoid prejudice. *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420, 422 (1998). Prejudice means that if not for counsel's ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different. *Commonwealth v. Mason,* 559 Pa. 500, 741 A.2d 708, 715 (1999).

■ ¶ 45 The record reflects that trial counsel argued that the victim's friend stated in an interview with police during the course of the trial that she had no recollection of the victim informing her of Appellant's abuse shortly after it happened in December of 1999. This is not the same as to say that the friend denied that the victim informed her of Appellant's abuse. While Appellant claims such testimony was necessary to impeach the victim, we fail to understand how the evidence that a young girl does not remember something from ten months prior undermines the victim's credibility. Appellant makes no attempt to demonstrate that such testimony was necessary in order to prevent prejudice to the defendant. Therefore, Appellant has not proven that trial counsel was ineffective for failing to call the victim's friend as a witness.

¶ 46 Appellant's final issue is that the trial court abused its discretion when it refused to allow Appellant to introduce evidence that the victim gave a prior state-

**14.** Appellant, in a footnote in his brief, and without any factual or legal argument, alleges that the failure of the victim's friend to remember the victim's report of sexual abuse is admissible as a prior inconsistent statement. As stated above, allegations unsupported by a developed argument or citation to authority constitute violations of Rule 2119 of the Rules of Appellate Procedure and are waived. Pa. R.A.P. 2119; *Commonwealth v. Postell,* 693 A.2d 612, 617 n. 7 (Pa.Super.1997). Since this allegation lacks factual or legal argument and is unsupported by citation to authority, the issue is waived.

ment to Mr. Robert Matthews, a Children and Youth Services counselor, which significantly conflicted with the victim's trial testimony. Sexual assault counselors are privileged from testifying without the written consent of the victim. 42 Pa.C.S.A. § 5945.1(b).

¶ 47 The record reflects that Appellant did not call Mr. Matthews as a witness to attempt to elicit the alleged contrary statement from him. The trial court stated that "he [Matthews] has not been produced before the Court and there is nothing of record in this proceeding.... I would not allow that communication until it was established of record whether he [Matthews] fell into the category or not." N.T., 10/24–27/00, at 480–481. Since Appellant did not call Mr. Matthews as a witness, the question of whether Mr. Matthews enjoyed the statutory privilege was never reached. Appellant's claim fails.

¶ 48 Judgment of sentence affirmed in part and remanded in part for proceedings consistent with this Opinion. Jurisdiction relinquished.