**Commonwealth v. Ramsour**

*Michael Rakaczewski, assistant district attorney,* for the Commonwealth.

*David W. Skutnik,* for defendant.

O'BRIEN, *J.,* August 8, 2006—

## I. FINDINGS OF FACT

(1) In July 2005, defendant, Troy Ramsour, traveled from his home in Lawrenceville, Georgia to pick up his son who had been visiting the defendant's brother in Cresco, Monroe County, Pennsylvania. (N.T. 2/23/06, pp. 22, 23.)

(2) During his visit, there was an occasion when the defendant was present in a playroom with three children including M.B. (date of birth 6/17/00), his brother's daughter. (N.T. 2/23/06, p. 24.)

(3) Approximately a week after the defendant's departure from his brother's home, M.B., the brother's daugh-

ter, was observed inserting her finger in her vagina. When admonished about the conduct, she stated to her father that, "Well, Uncle Troy puts his finger in my vagina." (N.T. 2/23/06, p. 26.)

(4) After the statement by M.B. was reported to the police, the police referred the child to Andrea Taroli of Carbondale, Pennsylvania, a forensic pediatrician. Doctor Taroli described her occupation as follows:

"Okay. I'm a pediatrician who has practiced for about 10 years in general pediatric practice and then received training at the Children's Hospital in Philadelphia in the field of child abuse and forensic pediatrics.

"A pediatrician who does this line of work is educated and trained in all aspects of child maltreatment, whether it be failure to thrive, sexual abuse, physical abuse, emotional abuse and all the related topics.

"My function at Pegasus Child Advocacy Center where I work is to be a medical director, to assess children medically for evaluation for allegations of child abuse of any kind." (N.T. 9/29/05, pp. 23, 24.)

(5) Although a physical examination of the child by Dr. Taroli did not disclose any evidence of abuse or injury, the doctor testified concerning the following conversation with the child:

"I explained to the child that—you know, she understood I was a doctor and we talked about the importance of telling the doctor the truth so that she can be properly treated. I did ask her if she had ever been touched in her private area. And she said yes. She said Uncle Troy touched her there.

"And I asked her when that happened and she said that's when Uncle Troy and his kid, I think, came up to visit. He came up from Georgia to visit them.

"She said that he touched her—I forgot what she called it, if she called it a pee pee or her private, but she said that he touched it with his hand, with his fingers." (N. T. 9/29/05, pp. 25, 26.)

## II. DISCUSSION

The Commonwealth has filed a criminal information alleging that on or about July 9, 2005, the defendant committed the offenses of aggravated indecent assault of a child (18 Pa.C.S. §3125(b)); unlawful contact with a minor (18 Pa.C.S. §6318(a)(1)), both graded as felonies of the first degree, and corruption of minors (18 Pa.C.S. §6301(a)(1), indecent assault (18 Pa.C.S. §3126(a)(7)) and endangering the welfare of children (18 Pa.C.S. §4304(a)), all graded as misdemeanors of the first degree.

On June 15, 2006, a judge of this court denied an omnibus pretrial motion filed by the defendant in the nature of a motion to dismiss for violations of Pa.R.Crim.P. 600. On June 9, 2006, the defendant filed a motion in limine requesting this court enter an order precluding Dr. Andrea Taroli and the father of the alleged victim to testify as to statements made by the child to them. The defendant has also filed a separate motion seeking habeas corpus relief on the ground that there is no competent evidence to sustain the charges against him. Both motions were consolidated for hearing to be held July 25, 2006. At the time of the hearing, counsel for both

parties agreed to submit the issue for resolution by the court on the basis of the transcripts of the two preliminary hearings held in this case and briefs in support of their respective positions. Therefore, both motions are now before the court for disposition.

We will first address the motion of defense counsel to grant the motion in limine with respect to the testimony of Dr. Andrea Taroli. The contentions of the parties on that issue are identical to those addressed by President Judge Ronald E. Vican in *Commonwealth v. Rapp* (683 Criminal 2005, opinion December 13, 2005). In a scenario most similar to the case at bar, Judge Vican precluded the testimony of Dr. Taroli upon the following reasoning.

"Defendant asserts that the statements made to Dr. Taroli by the victim are intended to be used by the Commonwealth as substantive evidence to prove the acts charged and to avoid having the victim actually testify at trial. Defendant states that there is no question that Dr. Taroli is a member of the investigative team and, thus, any statements made by the victim during questioning by Dr. Taroli should be excluded from trial under *Crawford*. The Commonwealth argues that statements made by an individual to a medical provider are non-testimonial and, thus, do not require a *Crawford* analysis to be admitted into evidence. However, the Commonwealth acknowledges that statements made during a forensic interview have been found to be testimonial.

"Pa.R.E. 803(4), the Medical Treatment Exception, provides that statements made to a medical doctor for the purpose of medical diagnosis and treatment are excluded from the hearsay rule and, thus, testimony repeat-

ing the out-of-court statements made to the doctor for such purpose are admissible as substantive evidence at trial. *Commonwealth v. Fink,* 791 A.2d 1235, 1246 (Pa. Super. 2002). However, before such a statement can be admitted under this exception, two requirements must be met: (1) the declarant must make the statement for the purpose of receiving medical treatment, *e.g.,* statements relating to the cause of injury, including testimony repeating statements made to nurses for the purposes of medical treatment and diagnosis; and (2) the statement must be necessary and proper for diagnosis and treatment, *e.g.,* statements to medical personnel as to how the person sustained the injuries, but not the identity of the perpetrator. *Id.,* citing *Commonwealth v. Smith,* 545 Pa. 487, 493, 681 A.2d 1288, 1291 (1996). However, statements to physicians retained solely for the purpose of trial are inadmissible under this exception. *Id.*"

In the case at bar, the child, who is 5 years of age, was not presented as a witness by the Commonwealth and the district justice, following an in camera hearing, determined that she was "unavailable." To qualify for admission under the Medical Treatment Exception of the hearsay rule, the victim's statements to Dr. Taroli must have been made for the purpose of receiving a medical diagnosis and treatment for any injuries she may have sustained as a result of the alleged sexual assault. It is undisputed that the child was referred to Dr. Taroli by the police as part of their investigative work. We conclude, as did our colleague, that in such circumstances the testimony of Dr. Taroli may not be admitted at trial.

We now turn to the question of whether or not the child's initial statement to her father concerning defendant's conduct may be admissible at trial. This analysis must begin in the context of the decision of the United States Supreme Court in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354 (2004). In that case, the court held that out-of-court statements by witnesses that are testimonial are barred under the Sixth Amendment to the United States Constitution unless the declarant is unavailable *and* the defendant has had a prior opportunity to cross-examine the declarant. In the case at bar, the defense has not had any opportunity to cross-examine the child victim and, therefore, her statement to her father would be inadmissible if found to be "testimonial." The Commonwealth contends that the child's statements were not "testimonial," therefore not affected by the ruling in *Crawford v. Washington, supra.* The Commonwealth further contends the child's statements fall within the hearsay exception provided in the "Tender Years Statute." That statute provides in pertinent part as follows:

"(a) General rule.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. chs. . . . 31 (relating to sexual offenses), . . . not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

"(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

"(2) the child either:

"(i) testifies at the proceeding; or

"(ii) is unavailable as a witness.

"(a.1) Emotional distress.—In order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:

"(1) observe and question the child, either inside or outside the courtroom.

"(2) hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting." (42 Pa.C.S. §5985.1.)

The Commonwealth correctly notes in its brief that there is no precedent on the issue of whether a spontaneous, unsolicited statement by a minor child to their parent is "testimonial." Generally, the courts have found that testimonial statements are the kinds of solemn declarations made for the purpose of establishing or proving some fact. Therefore, statements made to police officers or government agents, *People v. King,* Colo. Ct. App. 2005, affidavits or depositions, *Liggins v. Graves,* 2004 U.S. Dist. Lexis 4889 (S.D. Iowa), in-court or grand jury testimony, *People v. Patterson,* 808 N.E.2d 1159 (Ill. App. 2004), pleas allocutions of co-defendants, *United States v. Massino,* 319 F. Supp.2d 295 (E.D.N.Y. 2004), and statements of confidential

informants, *United States v. Cromer,* 389 F.3d 662 (6th Cir. Mich. 2004), are testimonial statements. However, the U.S. Supreme Court decided to "leave for another day any effort to spell out a comprehensive definition of 'testimonial.' "

In view of the circumstances in which the child's statement was made (see N.T. 2/23/06, pp. 25, 26), we conclude the declaration by the child was spontaneous, unsolicited and therefore not testimonial. However, the admissibility of the child's statement cannot yet be determined at this stage of the proceeding. A judge of the court of common pleas must find, in an in camera hearing, that the evidence is relevant and that time, content and circumstances of the statement provide sufficient indicia of reliability and the child either testified at the proceeding or is unavailable as a witness. The preliminary findings by a district court on such issues are not binding on the court of common pleas. Therefore, if the Commonwealth wishes to proceed with the prosecution, it must request a hearing for the purposes above cited as contemplated by the Tender Years Statute.

### III. CONCLUSIONS OF LAW

(1) The child victim's statement to the forensic pediatrician is testimonial, does not fit within the Medical Treatment Exception to the hearsay rule and is therefore inadmissible at trial.

(2) The child victim's spontaneous unsolicited statement to her father is not testimonial and may be admitted at trial if a judge finds the criteria in the Tender Years Statute has been met.

## ORDER

And now, August 8, 2006, it is ordered as follows:

(1) The defendant's motion in limine to preclude the testimony of Dr. Andrea Taroli at time of trial is granted;

(2) The defendant's motion in limine to preclude the testimony of the child's father at time of trial is denied, without prejudice;

(3) The defendant's motion for a writ of habeas corpus is denied.