J-S66012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAROLD T. ADAMS | : | |
| | : | |
| Appellant | : | No. 4036 EDA 2017 |

Appeal from the Judgment of Sentence December 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003268-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:              **FILED DECEMBER 19, 2018**

Appellant, Harold T. Adams, appeals from the amended judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for rape of a child, involuntary deviate sexual intercourse, unlawful contact with a minor, endangering the welfare of a child, and corruption of a minor.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth most of the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add that, on November 2, 2017, Appellant filed a request to submit supplemental post-sentence motions *nunc pro tunc* along with supplemental post-sentence motions challenging the sexually violent

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(a)(1), 6318(a)(1), 4304(a)(1), and 6301(a)(1), respectively.

predator ("SVP") designation. On November 20, 2017, this Court vacated denial of Appellant's post-sentence motions and expressly granted an additional 30 days for the court to rule on the supplemental post-sentence motions. On December 4, 2017, the court granted the supplemental post-sentence motion to strike the SVP designation, denied the motion in all other respects, and entered an amended sentencing order without the SVP designation. Appellant timely filed a notice of appeal on December 6, 2017. On December 8, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on December 21, 2017.

Appellant raises the following issues for our review:

WHETHER THE COURT ERRED IN GRANTING THE PROSECUTION'S MOTION *IN LIMINE* LIMITING THE INTRODUCTION OF EVIDENCE OF OTHER ALLEGATIONS OF SEXUAL ASSAULT[?] THE COMPLAINANT ACCUSED HER BROTHER OF SEXUAL ABUSE DURING THE SAME TIME FRAME AS THE ACCUSATIONS AGAINST APPELLANT. THIS SAME BROTHER TESTIFIED AT TRIAL. THE ACCUSATIONS AGAINST HER BROTHER WERE RELEVANT TO SHOW BIAS AND MOTIVE TO FABRICATE. THE ACCUSATIONS WERE PROPER IMPEACHMENT EVIDENCE AGAINST THE COMPLAINANT, THE COMPLAINANT'S MOTHER AND THE COMPLAINANT'S BROTHER.

WHETHER THE COURT ERRED IN SUSTAINING THE PROSECUTION'S OBJECTIONS TO THE DEFENSE LINE OF QUESTIONING SEEKING TO ELICIT EVIDENCE THAT THE VICTIM'S BROTHER WAS BEHAVING POORLY, AND THAT THIS BEHAVIOR LED TO THE BREAKDOWN IN THE RELATIONSHIP BETWEEN APPELLANT AND HIS FAMILY[?]

WHETHER THE COURT ERRED IN SUSTAINING THE PROSECUTION'S OBJECTION TO THE DEFENSE LINE OF

QUESTIONING SEEKING TO IMPEACH THE TESTIMONY OF COMPLAINANT'S MOTHER REGARDING HER MOTIVE AND BIAS IN REGARD TO THE ACCUSATIONS AGAINST COMPLAINANT'S BROTHER[?] THE QUESTIONING WAS RELEVANT ON ITS OWN AND BOTH FAIR RESPONSE TO AND COMPLETION OF THE PROSECUTION'S REDIRECT OF THE WITNESS.

WHETHER APPELLANT SHOULD BE AWARDED AN ARREST OF JUDGMENT ON THE CHARGES OF RAPE OF A CHILD, INVOLUNTARY DEVIATE SEXUAL INTERCOURSE WITH A CHILD, UNLAWFUL CONTACT WITH A MINOR, ENDANGERING THE WELFARE OF A CHILD, CORRUPTION OF A MINOR, INDECENT ASSAULT OF A PERSON LESS THAN 13 YEARS OF AGE, AS THE GREATER WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE VERDICT[?] THE GREATER WEIGHT DID NOT SUPPORT ANY PROPOSITION FINDING APPELLANT GUILTY AS A PRINCIPAL, AN ACCOMPLICE OR A CONSPIRATOR AND THE GREATER WEIGHT OF THE EVIDENCE DID NOT SUPPORT ANY FINDING OF SPECIFIC INTENT, AND, HENCE, A NEW TRIAL IS REQUIRED. THE VERDICT WAS BASED ON SPECULATION, CONJECTURE AND SURMISE.

(Appellant's Brief at 5-6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donna M. Woelpper, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 27, 2018, at 3-7) (finding: **(1-3)** contrary to Appellant's claims, court permitted Appellant to question Victim about allegations she had made against her brother and about Victim's failure to disclose Appellant's abuse when she reported her brother; other than for purposes of this line of questioning, evidence that Victim had accused her

brother of—and that he had admitted—inappropriately touching Victim was irrelevant to allegations against Appellant; Victim's allegations against her brother were unrelated to Appellant's sex acts on Victim and did not serve in any way to exculpate Appellant; court permitted Appellant to ask Victim if she recalled her mother and Appellant arguing about her brother between time Victim disclosed Appellant's abuse and time Appellant moved out of family home; Victim said she did not recall argument; court also allowed Appellant to question Victim's mother directly about reason(s) her relationship with Appellant ended; court further permitted Appellant to ask Victim's brother about why Appellant left family home and specifically whether Victim's mother and Appellant had argued about Victim's brother's behavior; thus, Appellant's evidentiary challenges merit no relief; **(4)** Victim testified about 4 specific incidents in which Appellant either forced her to perform sex acts on him or forcibly performed sex acts on her; jury found Victim's testimony credible; verdict was hardly shocking and not against weight of evidence). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18

**FILED**

2018 APR 27 PM 1: 28

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF : CP-51-CR-0003268-2015
PENNSYLVANIA :
:
v. :
:
: SUPERIOR COURT
HAROLD ADAMS : 4036 EDA 2017

OPINION

WOELPPER, J.                    APRIL 27, 2018

## I.    PROCEDURAL & FACTUAL BACKGROUND

On March 10, 2017, a jury found Harold Adams ("defendant") guilty of rape of a child,[1] involuntary deviate sexual intercourse with a child,[2] unlawful contact with a minor,[3] endangering the welfare of a child,[4] and corruption of minors.[5] On appeal, he challenges the sufficiency and weight of the evidence and several of this Court's evidentiary rulings. His claims are meritless.

When K.R. was eight years old, she lived on Mercy Street in Philadelphia with her mother, older brother (Z.B.), and stepfather (defendant). Defendant often watched K.R. while her mother was at work. On one occasion when defendant was watching K.R., the two were in K.R.'s mother's room watching television. Defendant told K.R. to get on top of him. K.R. said no, so defendant pulled her on top of hip and began to rub his penis against her leg. He then told K.R. to

---

[1] 18 Pa.C.S. § 3121(c).
[2] 18 Pa.C.S. § 3123(b).
[3] 18 Pa.C.S. § 6318(a)(1).
[4] 18 Pa.C.S. § 4304(a)(1).
[5] 18 Pa.C.S. § 6301(a)(1)(ii).



CP-51-CR-0003268-2015 Comm. v. Adams, Harold T.
Opinion

8102405851

"hump" him and assured her that he would not tell anyone. K.R. told defendant to let her go. He did so only after he had finished rubbing himself against her. N.T. 3/8/17, 33-39.

On another occasion, when K.R. was nine years old, she and defendant were in the living room. Defendant told her to suck his penis. When she said no, defendant got up, grabbed K.R., and forced his penis into her mouth. *Id.* at 40-43.

The sexual abuse soon escalated. When K.R. was still nine years old, defendant took off her clothes as she lay on the bed and penetrated her vagina with his penis. She told him to stop and that it hurt. He responded, "Just take it." *Id.* at 49. This happened on more than one occasion. *Id.* at 45-50.

Defendant also assaulted K.R. in the basement of their home. K.R. was downstairs playing Xbox. Defendant told her to go into the backroom of the basement, where he kept his exercise equipment. He laid her down on her back on a weight-lifting bench, removed her clothing, and penetrated her vagina with his penis. *Id.* at 51-52.

K.R. testified that on another occasion, when she was approximately ten years old, defendant told her that he had put his "dick" in her vagina while she was sleeping. Although she did not recall the penetration, she did remember waking up and feeling "pressure" in her vagina. *Id.* at 55-57.

In February, 2014, when K.R. was almost ten and one-half years old, she told her brother Z.B. about the abuse. Z.B. told her to tell their mother, which she did. K.R.'s mother did not immediately report the abuse to the police. Instead, she allowed defendant to continue living at the house while plotting to take matters into her own hands and kill him. After a few weeks, K.R.'s mother abandoned that plan. She eventually reported the abuse to the police in January, 2015. *Id.* at 57, 65-67, 175-184.

2

After the jury found defendant guilty of the above offenses, this Court deferred sentencing for a presentence investigation, mental health evaluation, and an evaluation by the Sexual Offenders Assessment Board. On July 21, 2017, the Court sentenced defendant to eighteen to thirty-six years of imprisonment. He filed a timely post-sentence motion, which this Court denied on November 2, 2017. This appeal followed.

## II.    DISCUSSION

### A. *Sufficiency of the Evidence*

On sufficiency review, all evidence is viewed in the light most favorable to the verdict winner to determine whether "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). The Commonwealth may meet its burden "by means of wholly circumstantial evidence." *Id.* Finally, the reviewing court "may not weigh the evidence and substitute [its] judgment for the fact-finder." *Id.*

Defendant challenges the sufficiency of the evidence sustaining the convictions on the basis that "[t]he Commonwealth did not prove that the [d]efendant was a principal, an accomplice or a conspirator to the acts in question." Statement of Errors, ¶ 1. K.R. testified, however, that defendant assaulted her on multiple occasions while she was in his care. The jury found K.R.'s testimony was credible evidence to prove that it was defendant who perpetrated the offenses.

Defendant also argues that the Commonwealth failed to prove that he "acted with specific intent to endanger the welfare of a child or corrupt the morals of a minor..." *Id.* A defendant is guilty of endangering the welfare of a child if the Commonwealth proves that he is a "parent, guardian or other person supervising the welfare of a child under 18 years of age" and that "he knowingly endangers the welfare of the child by violating the duty of care, protection or support."

3

18 Pa.C.S. § 4304(a)(1). A "person supervising the welfare of a child" is someone "other than a parent or guardian that provides care, education, training or control of a child." *Id.* at (a)(3). Someone is guilty of corrupting the morals of a minor if he is over the age of 18 and "by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age..." 18 Pa.C.S. § 6301(a)(1)(ii). Here, the evidence established that defendant (who was over age 18) was responsible for watching K.R. when she was between eight and ten years old while her mother was at work. The evidence further established that while supervising K.R., defendant directed her to rub against his groin, perform oral sex on him, and ultimately submit to vaginal sex. When K.R. refused, defendant physically forced himself upon her by picking her up and sitting her on top of him as he rubbed his genitals against her, by forcing his penis into her mouth and into her vagina, by dismissing her pleas to stop, and by ignoring K.R.'s complaints of pain. This purposeful and forceful conduct was sufficient to sustain the convictions for endangering the welfare of a child and corrupting the morals of a minor. N.T. 3/8/17, 33-52; 3/9/17, 103.

### B. *Weight of the Evidence*

Defendant next claims that this court erred in denying his weight of the evidence claim. A defendant is not entitled to a new trial based on a weight of the evidence claim unless the verdict "is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). Appellate review is limited to whether the trial judge palpably abused its discretion in denying the appellant's motion for a new trial. *Id.* As such, a "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* at 879-80.

Defendant argues the "verdict was based on speculation, conjecture and surmise." Statement of Errors, ¶ 2. It was not. K.R. testified to four specific incidents in which defendant either forced her to perform sexual acts upon him while she was in his care, or forcibly performed sexual acts upon her. The guilty verdict based on this testimony – which the jury found credible – was hardly shocking.

## C. *Evidentiary Rulings*

Defendant challenges three of the Court's evidentiary rulings. "It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion." *Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014) (internal quotation and citation omitted). An abuse of discretion is not found "merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

Defendant claims the following errors:

> The Court erred in granting the Prosecution's Motion in Limine limiting the introduction of evidence of other allegations of sexual assault. The complainant accused her brother of sexual abuse during the same time frame as the accusations against Defendant. This same brother testified at trial. The accusations against her brother were relevant to show bias and motive to fabricate. The accusations were proper impeachment evidence against the complainant, the complainant's mother and the complainant's brother.

> The Court erred in sustaining the Prosecution's objections to the Defense line of questioning seeking to elicit evidence that the complainant's brother was behaving poorly, and that this behavior led to the break down in the relationship between the Defendant and his family.

> The Court erred in sustaining the Prosecution's objections to the Defense line of questioning seeking to impeach the testimony of complainant's mother's testimony regarding her motive and bias in

5

regard to the accusations against complainant's brother. The questioning was relevant on its own and both fair response to and completion of the Prosecution's redirect of the witness.

Statement of Errors, ¶¶ 3-5 (internal citations to record omitted).

Contrary to defendant's claims of error, this Court did permit defendant to question K.R. concerning the allegations against K.R.'s brother and her failure to disclose the abuse by defendant at the time she reported the abuse by her brother. N.T. 3/8/17, 79-84. Other than for purposes of this line of questioning, evidence that K.R. had accused her brother of—and that he had admitted to—inappropriately touching her was not relevant to the allegations against defendant. The allegations neither related to the specific acts of defendant, nor did they in any way serve to exculpate him. *See Commonwealth v. Fink*, 791 A.2d 1235, 1243-44 (Pa. Super. 2002) (evidence of victim's prior sexual abuse inadmissible where it neither establishes victim's bias against defendant nor serves to exonerate defendant).

The Court also permitted defendant to ask K.R. if she recalled her mother and defendant arguing about her brother between the time K.R. disclosed defendant's abuse and the time he moved out of the family home. N.T. 3/8/17, 111-112. K.R. said she did not. Defendant was also given significant leeway to question K.R.'s mother directly about the reason(s) that her relationship with defendant ended. N.T. 3/9/17, 13. Finally, defendant was permitted to ask Z.B. about the reason defendant left the home, and specifically whether defendant and K.R.'s mother had argued about Z.B.'s behavior. *Id.* at 88. Accordingly, the Court's evidentiary rulings were not an abuse of discretion.

6

## III.   CONCLUSION

For all of the reasons herein, defendant's judgment of sentence should be affirmed.

BY THE COURT:

DONNA M. WOELPPER, J.

7

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0003268-2015 |
| | : | |
| | : | |
| v. | : | |
| | : | SUPERIOR COURT |
| HAROLD ADAMS | : | 4036 EDA 2017 |

## PROOF OF SERVICE

I hereby certify that I am this 27th day of April, 2018, serving the foregoing Opinion on the persons indicated below, by first class mail:

Joseph Schultz, Esq.
1518 Walnut Street, Suite 808
Philadelphia, PA 19102

Lawrence Goode, Supervisor
Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

_____
Anna Dillon
Secretary to the Honorable Donna M. Woelpper

8