J-S04020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VINCENT ANTONELLO CLARK :
:
Appellant : No. 1465 MDA 2017

Appeal from the PCRA Order August 28, 2017
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000490-2009,
CP-66-CR-0000491-2009, CP-66-CR-0000492-2009

BEFORE: SHOGAN, J., OTT, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.: **FILED JUNE 10, 2019**

Vincent Antonello Clark appeals from the order entered August 28, 2017, in the Wyoming County Court of Common Pleas, granting in part and denying in part Clark's first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Clark sought relief from the judgment of sentence of an aggregate term of 600 to 1200 months' imprisonment imposed in April 2012, following his jury conviction of rape of a child[2] and related charges for his repeated sexual abuse of five minors, three of his own children and two nieces. On appeal, he argues the PCRA court erred or abused

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. § 3121(c).

its discretion when it denied him relief on four claims of trial counsel's ineffective assistance. For the reasons below, we affirm.

The facts underlying Clark's convictions were summarized by the PCRA court as follows:

> M.B., the victim in case docketed 2009-CR-490 was interviewed in January 2009[1], during which she disclosed that beginning in 2006 and continuing until the time of the interview, [Clark] forced her to engage in oral, anal and vaginal sex. Similarly, in the case docketed at 2009-CR-491, [Clark's] three (3) children[, P.C., W.C., and S.C.,] reported in January 2009 that they had sexual contact with their father beginning in January 2006 and continuing through January 2009. The victim in the case docketed to 2009-CR-492, S.N., indicated in January 2009 that she had been forced to engage in sexual conduct with [Clark] from beginning in January 2006 until the interview in January 2009. [Clark] was a truck driver that often took his children with him on his overnight runs, where many sexual assaults occurred.
>
> _____
>
> [1] The children disclosed Clark's sexual abuse during interviews which were conducted by Pegasus Child Advocacy Center.

PCRA Court Opinion, 11/20/2017, at 2.

Clark was charged, at Docket No. 2009-CR-491, with three counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, statutory sexual assault, indecent assault, corruption of minors, and incest,[3] for the repeated sexual assault of his three minor children - all of whom were under the age of eight when the abuse occurred. Clark was also charged at Docket Nos. 2009-CR-490 and 2009-CR-492, with rape

_____

[3] **See** 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), 3122.1, 3126(a)(7), 6301(a)(1), and 4302, respectively.

- 2 -

of a child and related offenses for the sexual abuse of his nieces, M.B. and S.N., both of whom were under the age of 11 at the time of the assaults.

The three dockets were consolidated for a jury trial, commencing on December 12, 2011. On December 16, 2011, the jury found Clark guilty of all counts. Thereafter, on April 3, 2012, the trial court determined Clark met the criteria for classification as a sexually violent predator ("SVP") under Megan's Law, the predecessor to Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"),[4] and imposed an aggregate sentence of 600 to 1200 months' imprisonment. Specifically, the trial court sentenced Clark to mandatory minimum terms of 120 to 240 months' imprisonment on each of the five counts of rape of a child (one for each victim) pursuant to 42 Pa.C.S. § 9718, and ordered those sentences to run consecutively. The court imposed concurrent sentences on the remaining convictions. This Court affirmed Clark's judgment of sentence on direct appeal, and the Pennsylvania Supreme Court subsequently denied his petition for review. **See Commonwealth v.**

---

[4] **See** 42 Pa.C.S. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA II").

As noted above, Clark was sentenced under SORNA's predecessor, commonly known as Megan's Law III, 42 Pa.C.S. §§ 9791-9799.9 (expired), which was in effect when the crimes at issue occurred. On December 20, 2012, SORNA replaced Megan's Law III. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1196-1198 (Pa. 2017) (history of Pennsylvania's sex offender laws prior to SORNA).

***Clark***, 107 A.3d 218 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 109 A.3d 678 (Pa. 2015).

On July 7, 2015, Clark filed a timely, *pro se* petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed an amended petition on March 7, 2016, raising five claims asserting the ineffective assistance of trial counsel, including counsel's failure to challenge the legality of his mandatory minimum sentences. **See** Combined Amended Motion for Post Conviction Relief and Memorandum of Law, 3/7/2016. A PCRA hearing was conducted on April 27, 2016, at which time, the Commonwealth requested the PCRA court stay its ruling pending the Pennsylvania Supreme Court's decision in ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016), which ultimately found Section 9718 to be unconstitutional. Clark filed a second amended PCRA petition on March 10, 2017, noting, *inter alia*, the Supreme Court's decision in ***Wolfe***. On August 28, 2017, the PCRA court granted Clark's petition in part, and remanded for a

J-S04020-19

new sentencing hearing. The court denied relief on Clark's remaining ineffectiveness of counsel claims.[5] This timely appeal follows.[6, 7]

All of Clark's issues on appeal assert the ineffective assistance of trial counsel. Our review of an order denying PCRA relief is well-settled:

_____

[5] On January 4, 2018, Clark was resentenced by the trial court. Once again, the court ordered Clark to serve an aggregate term of 600 to 1200 months' imprisonment, however, it did not impose any mandatory minimum terms. Clark's appeal from his new judgment of sentence is docketed before this Court at 343 MDA 2018.

[6] Clark's notice of appeal listed all three docket numbers in the caption. He filed three duplicate copies, one at each trial court docket number. Accordingly, three appellate docket numbers were assigned: 1465, 1466, and 1467 MDA 2017. On December 6, 2017, this Court issued Clark a Rule to Show Cause why the appeals at Nos. 1466 and 1467 MDA 2017 should not be dismissed as duplicative. Clark responded and requested this Court either proceed only on Docket No. 1465 MDA 2017, or consolidate the three dockets. On December 21, 2107, this Court dismissed the appeals at Docket Nos. 1466 and 1467 MDA 2017 as duplicative.

We note, however, that on June 1, 2018, the Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case[,]" and "[t]he failure to do so requires the appellate court to quash the appeal." **Id.** at 971, 977. Recognizing decades of prior case law permitted such practice, the **Walker** Court made its ruling prospective only. Accordingly, it appears that under **Walker**, Clark had properly filed three separate notices of appeal, and this Court's dismissal of docket Nos. 1466 and 1467 was erroneous. However, because Clark's appeals were filed before **Walker**, we need not take any further action.

[7] On October 24, 2017, the trial court ordered Clark to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Clark complied with the court's directive, and filed a concise statement on November 2, 2017.

- 5 -

This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. **Commonwealth v. Hanible**, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. **Id.** "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Treiber**, ___ Pa. ___, 121 A.3d 435, 444 (2015) (citing **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. **Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595, 603 (2013).

**Commonwealth v. Williams**, 141 A.3d 440, 452 (Pa. 2016). Furthermore, where, as here, the defendant alleges counsel rendered ineffective assistance, we note:

"In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Payne**, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. **Id.** at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." **Id.**

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. **Commonwealth v. Allen**, 833 A.2d 800, 802 (Pa. Super. 2003).

**Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the

proceeding would have been different." ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015).

In his first issue, Clark argues trial counsel was ineffective for failing to properly challenge the out-of-court statements of the minor victims. ***See*** Clark's Brief at 12-19. Specifically, Clark contends counsel did not request the trial court hold a hearing, pursuant to the Tender Years statute,[8] to assess the reliability of the statements. Further, Clark insists counsel had no reasonable basis for failing to do so, and he was prejudiced by counsel's omission.

The Tender Years statute provides an exception to the hearsay rule, by allowing a party to introduce into evidence an otherwise inadmissible, out-of-court statement of a child victim or witness describing, among other things, sexual offenses in a criminal case. ***See*** 42 Pa.C.S. § 5985.1(a). ***See also Commonwealth v. Fink***, 791 A.2d 1235, 1248 (Pa. Super. 2002) ("The tender years exception allows for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse."). The statute permits the statements to be introduced into evidence if:

> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
>> (i) testifies at the proceeding; or

---

[8] ***See*** 42 Pa.C.S. § 5985.1.

(ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a). When determining whether the child declarant was likely to be telling the truth, the trial court should consider:

> (1) the spontaneity and consistent repetition of the statement(s); (2) the mental state of the declarant; (3) the use of terminology unexpected of a child of similar age; and (4) the lack of motive to fabricate.

**Commonwealth v. Hunzer**, 868 A.2d 498, 510 (Pa. Super. 2005) (quotation omitted), *appeal denied*, 880 A.2d 1237 (Pa. 2005).

In the present case, the Commonwealth properly filed pretrial notices of its intent to introduce certain out-of-court statements made by the child victims pursuant to Section 5985.1(b). In response, Clark filed a motion in *limine*, objecting to the statements on hearsay, competency and confrontation clause grounds. **See** Clark's Motion in *Limine*, 8/17/2011, at Count III. The court then conducted an *in camer*a hearing solely to determine the child victims' competency to testify at trial. **See** N.T., 8/18/2011, at 8-9; Order, 8/21/2011. At trial, Clark again objected to the admission of the statements as hearsay and violative of the confrontation clause. **See** N.T., 12/12-16/2011, at 333.

On direct appeal, Clark argued the trial court erred when it "failed to hold an *in camera* hearing to determine if the hearsay testimony ha[d] sufficient indicia of reliability." **Clark**, **supra**, 107 A.3d 218 (unpublished memorandum at *6). This Court rejected that claim, concluding a trial court is not required to hold a hearing unless the adverse party requests one. **See** **id.** Because Clark did not request an *in camera* hearing to challenge the

**reliability** of the child victims' statements, the panel concluded he was entitled to no relief on direct appeal. **See id.**

Now, however, Clark argues trial counsel was ineffective for failing to properly request a pretrial *in camera* hearing on the reliability of the child victims' statements. He asserts counsel admitted during the PCRA hearing that he had no basis for failing to do so. **See** Clark's Brief at 15; N.T., 1/16/2017, at 27. Furthermore, Clark emphasizes that the victims' prior recorded statements were much more detailed than their testimony at trial, which he insists was "rather weak." Clark's Brief at 18. Clark maintains: "Had trial counsel properly challenged, under the Tender Years Exception, the statements of the minor children, it is more likely that most, if not all, statements of the minor children would have been excluded by the trial court." **Id.**

> The PCRA court disposed of this issue as follows:
>
> The videotaped interviews were conducted immediately after the victims came forth with their allegations. The interviews showed the children at their younger ages, showed their vulnerability and showed the sexual grooming that had been perpetrated upon them. The statements made by the minor children in their interviews were in response to open-ended questions, the interviews took place close in time, the minor children had no reason to lie about the events, and the out of court statements were relevant because [they] described the incidents and [Clark]. The minor children and [the interviewer] then testified at trial and [d]efense counsel was provided an opportunity to question the victims as to inconsistent statements and recollections, and he did so extensively. Because the admission of the DVDs were consistent with the rationale for the Tender Years Exception, [Clark] did not suffer prejudice. Therefore, [Clark's] first claim of ineffective assistance of counsel fails.

PCRA Court Opinion, 11/20/2017, at 8-9.

We find no reason to disagree. Preliminarily, we acknowledge that if counsel had requested an *in camera* hearing on the reliability issue, the trial court would have been obligated to conduct one. Nevertheless, even if counsel had no reasonable basis for failing to challenge the reliability of the statements,[9] Clark has not demonstrated he was prejudiced as a result. Indeed, while Clark insists the statements were crucial to the Commonwealth's case, he does not explain why they were not reliable. Rather, he simply concludes, in boilerplate fashion, that if counsel had properly challenged them, "it is more likely that most, if not all, statements of the minor children would have been excluded." Clark's Brief at 18. However, as the PCRA court explained above, the circumstances surrounding the out-of-court statements made it likely the children were telling the truth pursuant to the test in **Hunzer**, **supra**. Accordingly, Clark is entitled to no relief on his first claim.

We will consider Clark's next two issues together. In his second issue, Clark contends trial counsel was ineffective when he elicited an opinion from the Commonwealth's *de facto* expert witness vouching for the credibility of the minor victims. **See** Clark's Brief at 19-25. Clark also asserts, in his third claim, that counsel was ineffective for failing to request the court strike the

---

[9] At the PCRA hearing, trial counsel testified he "honestly thought [he] raised the issue" and if he did not, he had no basis for failing to do so. N.T., 4/27/2016, at 27.

- 10 -

witness' answer as unresponsive and issue a cautionary instruction to the jury. *See id.* at 25-27.

Preliminarily, we note Clark does not provide a citation to the purported improper questioning by defense counsel,[10] and for that reason alone, we could find his claim waived. *See Commonwealth v. Harris*, 979 A.2d 387, 393 (Pa. Super. 2009) ("When an allegation is unsupported any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal."). Nevertheless, we decline to do so because we were able to locate the question to which Clark now objects by reference to the PCRA hearing testimony.

By way of background, Laurie DeMark conducted the forensic interviews of the child victims at Pegasus Child Advocacy Center. Her testimony was essential to authenticate the DVD recordings of those interviews, which were introduced into evidence and played for the jury. *See* N.T., 12/12-16/2011, at 302-368. Although both the prosecutor and trial counsel questioned DeMark about her training and experience as a forensic interviewer, she was not offered as an expert witness. *See id.* at 302-310.

During his cross-examination of DeMark, trial counsel questioned her regarding a statement made by one of the child victims that her aunt's boyfriend was hurting her aunt. *See id.* at 703-706. When DeMark

_____

[10] *See* Clark's Brief at 19-25.

- 11 -

acknowledged she did not take any steps to confirm or deny the child's allegation of abuse, the following exchange took place:

> [Trial Counsel:] So you're not concerned about the child's credibility as it relates to [these] statements?
>
> [DeMark:] I am concerned about her credibility.
>
> [Trial Counsel:] I mean if this child said that a space ship landed on her house.
>
> [DeMark:] I think she had great credibility.
>
> [Trial Counsel:] Well, I'm not asking you what you think, Ma'am. I'm asking you about what you did to confirm her credibility. If she told you that.
>
> [DeMark:] My interview, my interview was confirmation of their credibility.

*Id.* at 706.

Clark first insists DeMark's testimony that she believed the victim "had great credibility,"[11] constituted impermissible vouching for the credibility of a minor victim by an expert witness. *See* Clark's Brief at 22.

It is well settled:

> [A]n expert witness may not express an opinion that a particular complainant was a victim of sexual assault based upon witness accounts couched as a history, at least in the absence of physical evidence of abuse. We find that such testimony intrudes into the province of the jury relative to determining credibility.

---

[11] N.T., 12/12-16/2011, at 706.

*Commonwealth v. Maconeghy*, 171 A.3d 707, 712 (Pa. 2017).[12]  However, as the PCRA court points out in its opinion, "[a]t no time during trial was DeMark offered to be made an expert witness."  PCRA Court Opinion, 11/20/2017, at 9.  Our review of the trial transcript confirms that neither the Commonwealth nor Clark offered DeMark as an expert witness.  While Clark insists DeMark was a *de facto* expert, because both sides "spent a great deal of time reviewing her education, experience and curricula vitae as a forensic interviewer[,]" he provides no authority for this position.  Clark's Brief at 19.  Therefore, DeMark was not bound by the rules limiting the testimony of expert witnesses.  Accordingly, the PCRA court concluded, because "DeMark was not an expert she was able to provide her opinion regarding the credibility of the minor children during the interview process and whether the minor children were telling the truth in the interviews based on her perception."  PCRA Court Opinion, 11/20/2017, at 10, *citing* Pa.R.E. 701.  We find no basis to disagree.

Furthermore, the PCRA court determined trial counsel's examination of DeMark was based upon a reasonable trial strategy.  Indeed, when confronted with his cross-examination at the PCRA hearing, trial counsel testified he was trying to establish that DeMark did not take any steps to verify the victims' accounts of abuse.  **See** N.T., 4/27/2016, at 31-33.  He explained:

---

[12] Effective in August of 2012, after the trial herein, the legislature codified 42 Pa.C.S. § 5920.  Subsection 5920(b)(3) now explicitly prohibits an expert witness in a criminal sexual assault prosecution from providing his or her opinion "regarding the credibility of any other witness, including the victim[.]" 42 Pa.C.S. § 5920(b)(3).

Well, I also knew that she probably didn't take any steps to confirm [the victims'] credibility. Typically, they don't. I understand [] DeMark's role in the process, but a juror isn't going to know, so when I'm discussing with [] DeMark what steps she took to confirm the child's credibility, she's not an investigator. She's not going to double check or triple check as to whether everything lines up. A law enforcement investigator may do that, but she's not going to do that so I knew that she didn't really take too many steps to confirm credibility so that's the reason I explored that, knowing full well that the jury didn't know really what her role was, so my hope was to get her to say, well, you know, I listened to the kid and it seemed to all add up to me, but I really didn't take any affirmative steps to corroborate and do third sources.

*Id.* at 32-33. Counsel emphasized this line of questioning involved a calculated risk. *See id.* at 33-34. He hoped the jury would realize DeMark did not conduct any investigation to verify the victims' accounts, and they would therefore question whether they should believe her testimony. *See id.* at 34. The PCRA court found this to be a reasonable strategy, and we agree. *See* PCRA Court Opinion, 11/20/2017, at 11.

In a related claim, Clark argues counsel should have asked the court to strike DeMark's testimony as unresponsive and requested the court issue a cautionary instruction to the jury. However, the PCRA court determined this claim, too, warranted no relief:

[D]efense counsel believed that if he requested to have [] DeMark's testimony stricken or asked for a limiting instruction it would have brought more attention to the statements for the jury. Defense counsel had a reasonable basis for the line of questioning and there is no evidence that [Clark] suffered prejudice as a result.

PCRA Court Opinion, 11/20/2017, at 11. We agree.

- 14 -

Counsel further explained that he believed he "opened the door to challenge credibility and challenge the steps that [DeMark] took," and, in fact, he "wanted the jury to know that she took no independent steps to corroborate [the victims' accounts]." N.T., 4/27/2016, at 36. This was a reasonable trial strategy. With regard to prejudice, Clark has not demonstrated that had the court instructed the jury to disregard DeMark's fleeting comment, the outcome of the trial would have been different. *See Mason*, *supra*.

Lastly, Clark challenges counsel's failure to object to the trial court's jury instruction on the concept of reasonable doubt. *See* Clark's Brief at 27-30. The trial court did not provide the standard suggested jury instruction as requested by Clark, but rather, charged the jury as follows:

> The mere fact that the defendant was arrested and is accused of a crime is not evidence of his guilt. If you are satisfied of the defendant's innocence then **he must be acquitted**. If you have a reasonable doubt of his guilt then **he also is entitled to be acquitted**.

N.T., 12/12-16/2011, at 1073 (emphasis supplied). Clark argues the charge did not properly instruct the jury that it "must" find him not guilty if the Commonwealth fails to sustain its burden of proof. Clark's Brief at 29. *See* Suggested Standard Jury Instructions (Criminal), § 7.01, First Alternative (2010) ("If the Commonwealth's evidence fails to meet its burden, then **your verdict must be not guilty**.") (emphasis supplied). He insists the instruction the court provided removed "the mandate … to the jury and, instead, advis[ed] them that the verdict is discretionary." Clark's Brief at 29. Clark maintains counsel's failure to object did not constitute a reasonable trial

- 15 -

strategy because he initially requested the suggested standard instruction. Furthermore, he contends "[h]ad the jury been provided with the mandate in § 7.01, the outcome of the trial would likely have been different." *Id.* at 30.

When considering a challenge to the trial court's jury charge, we must bear in mind:

> Our trial courts are invested with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration. *Commonwealth v. Rainey*, 593 Pa. 67, 112–13, 928 A.2d 215, 242–43 (2007). Where a defendant appeals a jury instruction, we consider the challenged instruction in its entirety, rather than isolated fragments. *Id.* at 113, 928 A.2d at 243.

*Commonwealth v. Simpson*, 66 A.3d 253, 274 (Pa. 2013).

Here, the PCRA court concluded, "[d]efense counsel had a reasonable basis for allowing the jury instruction [because] the language read to the jury was interchangeable to defense's [requested] jury instruction." PCRA Court Opinion, 11/20/2017, at 12. *See also* N.T., 1/16/2017, at ---. We agree. The jury was properly charged that if they were either convinced of Clark's innocence or if the Commonwealth failed to carry its burden of proof, Clark was entitled to an acquittal of the charges. "Instructions will be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury properly in its deliberations." *Commonwealth v. Rainey*, 928 A.2d 215, 243 (Pa. 2007). Clark has failed to demonstrate the instruction provided by the trial court was erroneous or confusing. Therefore, his final challenge warrants no relief.

Accordingly, since we agree with the finding of the PCRA court that Clark has failed to demonstrate trial counsel rendered ineffective assistance, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2019